I have a 14-year-old daughter. Her favorite color is pink and green. If she sits and watches a football game with me, she's probably going to say, Dad, why don't we color that school board icon pink and green? It would be real pretty. And if I filed that patent application and it got all the way to the board like this case did, and we were trying to get those colors pink and green patented for that school board icon, the rejection of this case based on NRA Gluck would be certainly appropriate because there's no relationship between pink and green in any football team or basketball team or school or sporting event that I know of. There's no relationship. But that emphasizes the clearly erroneous application of NRA Gluck in this case to my client's invention because my client's invention clearly states in the claims that the colors that are selected for those school board icons are selected to match the colors of the teams that are participating in the broadcast sporting event. Now these claims came in with several different groupings. The group one was rejected under 102 based on the American Gladiator records. I wouldn't be appealing this case if this was a factual case. This is a legal question to present to you. And the legal question is, is the relationship between the color of the school board icon and the broadcast sporting event so non-functional that it does not have any patentable consequence? And that's the whole purpose of this patent, this invention, is so that if a graduate of the United States Military Academy goes to a cocktail party on Saturday afternoon with his wife and Army's playing Vanderbilt and they both happen to have black and gold colors, or if a graduate of the University of Texas Law School goes to a cocktail party... You've done some research, haven't you Mr. Whitey? Pardon? You've done some research on this. Yes sir. And if that team is playing the University of Tennessee whose colors are orange and white and they both have UT on their name and both of those games are on TV and they're being broadcast in different areas of the room and the wives want the husbands to engage in conversation so the noise level is turned down and you can't tell who has got the ball, who's colored icon on that screen and see that the orange team is Texas and the white team is Tennessee or the black team of the cadets of the United States Military Academy and the gold team is Vanderbilt University Commodores. You can carry on your conversation and you can see who's got the ball, who's scoring, who's driving and what the score is and whether your team is ahead or not. How about Vassar? Judge, I tried to find anything I could to see what Vassar's colors were or whether they're going to be on national television. I'll tell you they're rose and gray. That's good. So that would be all right but you know the question is not whether this is a good idea or a clever idea or whether it would be interesting and useful. The question is whether in view of the reference that the examiner found it's patentable to your client and not available to anyone else. That's right and we think that the record the ruling of the board we believe was in our favor in that they said that the reference did not disclose everything claimed in the invention because it did not disclose that the colored school board icon was imaged over the broadcast of a sporting event. That is the competition sporting event. Now I don't know if you got a chance to review any of those cds but the examiner pulled out from that American Gladiator reference there was a contest. People were trying to stuff balls in holes and stuff like that or climb a rock wall and after all that was over they'd either go to a break and they'd come back and they would talk to somebody that was a participant and say flame or grace or whatever your name is you had a great time there and they'd have a school board down below that would have colored icons okay that matched up with the uniforms of the two players. That was not during the sporting event the broadcast of the sporting event that was during the broadcast of an interview after the sporting event was over and the board agreed with that. If they hadn't they wouldn't have needed to go to Clark and so their ruling was that it didn't they agreed with my argument that the that the sporting event did not have a colored icon embraced over it was in the interview process afterwards. Now how far away do you get before that I mean that could have been on sports center you could have had an image there you've had an interview that could have been after the game was all over. It is not valuable your honor and it is not the same thing as broadcasting that color icon to be able to relate to the two teams they're playing as the activities going on. If you watch the March Madness basketball teams up the court down the court back the court scores changing all the time if you like that and you want to watch that and see it in a where you can't listen to it oh you know a lot of people go to sports bars watch those things there's no sound on you're just watching what's going on well if you've got an icon there that shows you who's got the ball who's ahead who's that sort of thing you can keep up with what's going on without knowing oh without having the announcers to tell you. Now the board agreed with me that the gladiators reference didn't show that it didn't show that during the competition it showed in interviews at halftime and admissions and after the games were over that's not when the action's going on that's not when it's important that's not when it counts. Now that's the 102 rejection of the group one claims there's no 103 rejection of the group one claims so if that rejection doesn't stand then those group one claims should be allowed and the reason that doesn't stand is because the application of in re block is inapposite in this case the board realized that they didn't have a reference that did everything that my client claimed in the in the claims of issue so it then looked at the language of in re block and it raised that issue at first with me as I'm standing here making this it was not raised by the examiner below I was not familiar with in re block in that issue so I was kind of flabbergasted so to speak to try to answer that but in any event I'm not flabbergasted now I know how to answer that and the answer is that where the block talks about non-functional descriptive language or in a claim that's the farthest thing from this this whole concept is the relationship between those colors and the colors of the teams that are playing that's the purpose of all that and that color coordination is the whole genesis of the concept of the invention it's simple it's amazingly simple it's stupidly simple in some respects but it's different it has a purpose it has a valuable purpose and it certainly is not non-functional the total function is to identify if you if the jacket I gave where you've got army playing down there both school teams have the colors of black and gold one's wearing black and one's wearing gold but if there's no announcement going on you're in a circumstance where you can't hear you can look at that icon and say army's black they've got the ball they're driving they're ahead 48 to 7. So but you don't know that otherwise if it's just up there without color all right and so while it is simple it's just so simple that I think I thought I got six rejections four on different sets of priority every time we'd argue the examiner out of one he'd go find another he'd find the issue an advisory opinion that said I just don't believe it's patentable but I don't have anything and he went and searched and found the American Gladiator we had two final objections so I'm convinced that that this just has not gained traction at any level including the board because they thought it was too simple but that's not one of the statutory bars to patent it. Our invention, my invention is new useful and unobvious it is not described by the prior literature that's this reference doesn't disclose a color scoreboard icon impressed over the sporting event. The board admitted that that's why they put their glove that's why they contended it's non-functional and your honor that's your problem you you are the keepers of what the law is and what it means and applying that law that's de novo your argument you got to look at that and say that's clearly erroneous that is clearly wrong don't even have to go to that standard but it's clearly erroneous because the colors relate directly to what's that's why that is that is very important. Now in going to the I want to address quite briefly the question of section 103 which was applied to another group of claims and I want to make sure we keep this separate the additional groups of claims where they talk about the application of section 103 as it being obvious from the American Gladiator reference to do some additional things those are those were claims that directed to how the the particular outlines on the on the scoreboard icon how the colors were arranged in particular cases and the examiner might say that if you get past the first issue he might be able to say that that's a matter of design choice okay I wouldn't be here fighting but he didn't have a reference that says what we're doing and it's not obvious from what we're doing now let me just quickly why is it not obvious normally when we're looking at 103 issues we're saying okay we're looking for this hypothetical person of ordinary skill in the art who all of a sudden shows up and found lines and has got these two patents before him with one patent and one other reference he looks at and says oh I think from that I'll do what's claimed we don't have a hype we need to look for a hypothetical person of ordinary skill in the artist's case we've got real people skill in the art this was broadcast this broadcast of the American Gladiator from 1991 until 1996 during that time it was being broadcast over Fox Network assuming my time the same time Fox Network was broadcasting baseball games and football games black and white icons appeared the same people that were broadcasting both had both of it both pieces of art right in front of them they were doing both of them they were doing the American Gladiator they were doing the baseball games with the icons in there that person of ordinary skill in the art had it right in front of him it never occurred to him to do this now normally I would never make an argument that just because it hadn't been done means that's unobvious because that doesn't make a lot of sense but here that's a good argument because the very people that had both these pieces of art that we've been referring to the admitted prior art and the American Gladiator they had those right in front of them they were part of their ongoing business every day in the biggest copycat industry in the world and they put it together and now you see it on television and you know why you see it on television there because my client has contacted them and says I have a patent application pending this is what it does and we'd like to see you do it well since we don't have a patent issued yet uh they're using it we're not patent issues we won't go deal with them but but that's that's the first time it got on television that my client went to it any questions okay why don't we save the rest of your time for rebuttal and let's hear from the office thank you so much for it the uh the main point that appellant has missed is that the cases require that there be a new and unobvious functional relationship we read both the guy and Gulak you'll see that that's the critical question that's got to be asked and here indeed American Gladiators discloses the functionality that Mr. Mathias had hoped to patent as you'll see at 10 16 the icon displayed is color-coded in fact to match the colors of the contestants the background for the one contestant's name score is highlighted in red and the other contestants name and scores is highlighted in blue and the contestants are wearing blue and red uniforms so as to the to the appellant's suggestion that there's no relationship I think the record's clear that uh the relationship that's required to determine whether or not a limitation the sporting limitation is entitled to patentable weight um that functionality is in the priority and this limitation is not entitled to patentable weight as the as the board correctly found appellant argued um issues involving one of three obviousness rejection none of those arguments appear uh in his initial briefing he's waived uh any argument as to those issue under this client and I refer to our briefing page 17 where we present that issue appellant makes an argument about the board having found that the claims are not anticipated by American Gladiators that's incorrect the board indeed if you look at pages five six and seven of the appendix you'll see the board made an explicit finding that the claim in fact was anticipated by the exception of potentially one sporting it dropped the footnote suggesting that there's a strong likelihood that indeed American Gladiators isn't a sporting event but taking Mr. Mathias's argument that at certain times it becomes something other than a sporting event during interviews of the contestants nonetheless this this court's decision and guy supports a because that term sporting is not entitled any patentable weight given the lack of functionality the fact that the functionality is already taught by American Gladiators just just as a factual manner which I was left a little bit unclear on and perhaps both of you can clarify this if I recall Mr. Wadi was saying in effect that that the American Gladiators displayed the colors coded scores and so forth only during the interviews but I think I I understood and perhaps I didn't and either he or you can correct me but the page a 10 16 seems to show the colored scores what looks like it's in the midst of a of a competition is that right or am I misunderstanding either the argument or the evidence well I think the evidence what is going on in this scene is the competition as there are several events okay this is a broadcast of American Gladiator program and it's comprised of let's say eight events right and one of the events is is scaling the wall right saying he could get to the top fastest in this depiction what you see here I believe is after the competition as as to that event is over still during the broadcast television program but after the events concluded this competitor is coming back down the wall so oh I see this is not the the competition itself this is the aftermath yes and the competitors getting down and they're showing the score at the end of this particular portion of the competition that's right but there will be further portions of the competition that's so it'd be like showing uh the score of a basketball game during a timeout yes or during a stoppage of play when the ball is being taken out by one side right that's exactly what we say in a brief like there's a huddle or something like that but the broadcast image the event is still ongoing all right I that that was unclear to me from the from the evidence but you've clarified it thank you um we'd also argue that the uh suggestion that there needs to be activity um putting aside the issue of the sporting event whether or not some type of a patent awaits the court break we found um the opponent's argument a new argument about the activity that there's no activity going on it's not required by the claim what the claim limitation calls for is a broadcast image of a sporting event so unless there are any other questions what's your question response to Mr. Waddy's argument that in retrospect this may appear simple but that the American Gladiators although they were using a color code as we've just discussed did not expand upon it as soon as this was brought to the attention apparently of of others the uh potential value was recognized and that simplicity itself is not a basis for rejection well as to the the new argument that never mind whether it's a new argument just what's the position as to the commercial benefits none of that evidence is in record and I would submit that it's an improper for for us to address that here for the first time on appeal and that the board's decision didn't dismiss the invention what it did is it actually treated each claim limitation as a whole to address whether or not it was found in the prior art and it found that first all the limitations were clearly in the prior art with the exception possibly of the sporting aspect of the non-descript or non-description uh non-functional descriptive term sporting event so I would submit to you that the board did not discount this invention because it was simplistic rather they found it was already taught by the prior art instead already taught by are you discussing obviousness or are you discussing anticipation anticipation it was all the limitations but you've already told us that there was one one limitation that wasn't in the prior art how can it be anticipated well under the guy a similar case where the one it's not as if the board didn't treat that limitation and struck it out and discounted it rather they they construed every single limitation and those that had patentable weight which was every single limitation with the exception of the term sporting was found in the prior art and the color coding function that matthias really seeks to patent indeed is found in it did i miss it you said that the office presented no rejection but there was a rejection under 103 what my my response to mr um wadi's argument is that he never raised the any aspect of the 103 rejections other than to say that as to all the rejections in dispute taking claim one representative the only challenge he made to the board's decision pertained to this issue of whether or not sporting was properly met by the american gladiators reference there was no arguments as to motivation or any other form of obviousness so this whole the whole case collapsed down to the issue of whether or not the sporting limitation was properly met by the american gladiator reference so so the board is not otherwise supporting its rejection under 103a well i'm sorry your honor if that's your impression i clearly misspoke no indeed we'd argue that the appellant has only challenged any of the rejections the 102 rejections and the 103 rejections by attacking this sporting limitation as it's found in each one of the independent claims and the representative claim one is the claim that he chose to to take this fight and dispute over and that was an anticipated claim so for purposes of this appeal we're limiting our analysis to whether or not american gladiators teaches that so you're saying that if we should agree with mr wadi on this particular point then it's appropriate to reverse the board's decision well um let me clarify one one aspect of that mr wadi is incorrect that the board concluded that the examiner was wrong that the sporting limitation was not taught by american gladiators indeed the examiner found that american gladiators was a sporting event and if i can direct your attention to appellant's brief before the board at 10 27 appellant admitted that american gladiators is a sporting event and as judge bryson pointed out it doesn't make sense to say that this is a broadcast image of a sporting event at one moment and then not during a break in the action such as when the players are or there's a timeout while the players are still on the court and if you look at the footnote footnote 3 and i think it's on a5 you'll see that the board suggested that there's a strong likelihood that indeed this was a sporting event at all times and that examiner was correct but what it did was is the board took decided it didn't even need to reach that issue it could affirm based solely on uh reliance on nine and gulag so if there's nothing further i'll give the rest of my time okay thank you mr still mr wadi i think the answer to your question is yes if the board did not reject group one claims which is represented by claim one on anything other than 102 if you agree with me on the interpretation of inlay block in this application in this case then you must reverse with respect to those claims okay anything else you want to tell us and yes i do want to tell you that i did contest the argument on 103 which is the second group of claims in my brief it's very brief because the board said in our view it is argued that mathia which is a this other patent reference that they cited in the 103 rejection headed to the uh american gladiator is merely cumulative mathia is not necessary for a proper rejection of 103 of that group two claims uh the american gladiator discloses all this point well so my argument was that that 103 rejection based on the board's decision the way it was written all i my only obligation is to challenge that i don't need to challenge that combination of a file or or mantha which they said was not involved in that rejection anyway so thank you very much i appreciate your attention thank you mr wadi and mr stowell the case is taken under submission